## Doe, ex dem. Skipwith *vs.* A. B. Robinson.

An agent cannot exist without a principal; and when H. sold the land this part of his trust ceased.

The office and duties of trustee, being matters of confidence, cannot be delegated to another, unless there is an express authority conferred by the creation of the trust.

If an agent has no power to sell, he cannot make an admission of a sale to bind the principal; for an agent's acts are only binding on the principal when made within the scope of his authority during the existence of the agency.

In error from the circuit court of Carroll county; Hon. F. M. Rogers, judge.

The opinion of the court contains a statement of the facts of the case.

*D. R. Russell* and *D. P. Foute*, for plaintiff in error.

*Sheppard*, for defendant in error.

Mr. Justice Fisher delivered the opinion of the court.

This was an action of ejectment, tried in the circuit court of Carroll county, in which the defendant below obtained a a verdict and judgment.

The bill of exceptions shows that both parties claim title from Jno. S. Gooch, who, in October, 1839, conveyed the land in controversy to William H. Hurst, as trustee, for the purpose of securing certain debts therein specified. Hurst, on the 20th of March, 1848, by virtue of the power vested in him by the deed, conveyed the land to Skipwith, the plaintiff's lessor. The defendant, in connection with this evidence, admitted on the trial below, that he was in possession of land at the commencement of the action, claiming title under Gooch.

After the plaintiff had closed his evidence, the defendant introduced two deeds, executed in October, 1846, to him, by Gilbert Coates; which, however, only convey his interest in the land, and do not in any way operate to convey Gooch's title, and do not, therefore, require any notice.

The evidence mainly relied on by the defendant, is a deed executed by Coates in the name of William H. Hurst, and, as his attorney in fact, to Jerry S. Robinson, by virtue of a power of attorney, executed by Hurst on the first day of November, 1841.

It is insisted by the counsel for the plaintiff, that Hurst, under the trust, had no authority to appoint an agent to sell or convey the land. This position may be true; but a decision of the question is not necessary in this case. It is certainly true, as a general rule, that the office and duties of a trustee, being matters of confidence, cannot be delegated by him to another, unless an express authority be conferred on him by the instrument creating the trust. Hill on Trustees, 175. This position is fully conceded by the learned counsel for the defendant; but he says that it must be confined to what is the substantial part of the trust, to wit, the making of the sale, and that it does not embrace mere ministerial acts, such as a formal execution of a conveyance, and to complete a sale already made by the trustee, for which purpose he insists the trustee may act by attorney. The counsel also insists, that the power of attorney executed by Hurst to Coates conferred on the latter no power of sale, but only to relinquish to Robinson the interest vested in Hurst by the deed of trust. It remains to be seen, whether these several positions, under the facts of this case, will present it in a more favorable light than that contended for by the counsel for the plaintiff, that the trustee has no power to appoint an attorney to convey the estate.

To understand clearly the point in issue, it is necessary to keep in view the dates of the several transactions. The deed from Hurst to Skipwith is dated the 16th of September, 1848, and recites a sale made on the 20th of March, 1848. By it Skipwith acquired *primâ facie* the title which the deed of trust from Gooch vested in Hurst. Here is an execution of the trust by Hurst. His power here terminates; and, conceding the position that he could, while the trust existed, appoint an agent to aid in its execution, the authority of such agent would certainly be at an end when that of the principal was at an end. There cannot be an agent without a principal; and when Hurst sold

Doe, ex dem. Skipwith v. Robinson.

the land, he as to this part of the trust ceased to be trustee, and for the same reason ceased to be a principal in the power of attorney, executed to further the accomplishment, through an agent, of what he afterwards accomplished in person. It is, therefore, too clear to admit of argument, that if the power ever existed in Coates to make either a conveyance or sale of the land, it was annulled by the sale and conveyance made by the trustee in person.

This brings us to the consideration of the deed executed by Coates, in the name of the trustee, in 1849. We have already seen that the power was ended by the conveyance made by Hurst, in 1848. Hurst himself, in 1849, had no authority to make a conveyance to Robinson; and for the same reason the agent could not convey. But, admitting that the agency then still existed, the counsel for the defendant concedes the point, that the agent had no power to sell, but only to convey. The deed recites a sale of the land to Robinson by virtue of the deed of trust. A recital in a deed is nothing more than an admission, under the hand and seal of the party. If the agent had no power to sell, he could not make an admission of a sale to bind his principal; upon the plain principle of law, that the agent's acts and admissions are only binding upon his principal, when done or made within the scope of his authority. Again, the admissions of an agent are only binding upon the principal while the agency exists. The agency, in this instance, did not exist in 1849, because it was terminated, if it ever legally existed, by the sale of Hurst, in 1848. Under no view, therefore, can the deed offered by the defendant be regarded as relating to a transaction anterior to its date.

The deed to Skipwith was filed in the probate clerk's office for record on the 20th of September, 1848; and if Robinson, after this date, took a deed from Hurst, or from his attorney, he took it with notice of the prior deed.

Robinson cannot complain because the power of attorney to Coates was on record unrevoked, and that he was, therefore, deceived in dealing with a person who appeared to have authority to act. Coates, under the admission of counsel, had no authority to receive the purchase-money, and Robinson

could not, therefore, legally pay it to him. The payment could be legally made only to Hurst. It was not, therefore, possible for him to become an innocent purchaser of the land, after the deed made by Hurst, without connecting him with the purchase. Under any view in which we can regard the several questions presented, we are of opinion, that the evidence offered by the defendant is not sufficient to make out his defence.

A question is made, that the bill of exceptions does not specify the particular objections made to the evidence offered by the defendant. We must regard the objection as a motion to the court, to exclude the evidence from the jury. It is true, that this is not the language of the exception, but its evident meaning. We are of opinion, that the motion should have been sustained, and the evidence excluded. The better and safe practice, no doubt, in such cases, is, to let the evidence remain before the jury, and the court to instruct as to its legal effect.

Judgment reversed, and *venire de novo* awarded.