## No. 8727.

## STEVENSON *v.* SEBRING.

1. TAXES PAID—*Recovery—Volunteer.* Purchaser of lands upon sale under a deed of trust, paying delinquent taxes thereon is not a volunteer, and is entitled to recover the amount paid.

2. DEED OF TRUST—*Redemption from Sale—Effect.* The redemption by judgment creditor of the lands of his debtor, sold under a deed of trust, obliterates the title of the purchaser, even though the creditor, having obtained a conveyance from his debtor, entirely fails to proceed to sale under his execution (Rev. Stat., sec. 6869.)

*Error to Pueblo District Court, Hon. C. S. Essex, Judge. Department.*

Mr. A. W. ARRINGTON, for plaintiff in error.

Mr. B. C. DURALL, for defendant in error.

Opinion by Mr. Justice Teller.

THE plaintiff in error brought suit against defendant in error to cancel a deed under which the latter claimed a tract of eighty acres, and to have the land decreed to be the property of the plaintiff.

From the record it appears that the plaintiff, on a foreclosure of a deed of trust on said land, bid it in, and received a certificate of purchase therefor. A short time afterward, he paid some delinquent taxes on the land. No

redemption having been made by the original owner of the land within the six months allowed therefor, the defendant, a judgment creditor of said owner, took out an execution, had a levy made, and paid to the county treasurer the amount required to redeem from the sale on foreclosure. A few days prior to the date set for the execution sale he obtained a quit claim deed to the premises from said owner, and caused the execution to be returned satisfied.

The court found that the plaintiff had a lien for the taxes paid, but was not entitled to the fee title, and gave judgment accordingly.   Both sides assign error.   The defendant contends that the plaintiff was a volunteer in paying the taxes, and hence is not entitled to recover them.

We cannot agree with this conclusion.   The plaintiff had an equitable title to the property, subject to be divested by redemption, and the payment was made to protect his interest, as well as that of all others who had an interest, either actual or potential, therein.

For the plaintiff in error it is contended that there was in law no redemption by the defendant in error, because there was no sale under the levy; that the plaintiff was entitled to a deed, as against the original owner as soon as the six months redemption period had expired, and that the defendant, as grantee of said owner, had no better rights than she had.

If the premises were accepted the conclusion stated might follow; but the premises are false.

The evident purpose of the statute which provides for redemption by judgment creditors was to enable them to subject the debtor's property to the payment of his debts; and that purpose would not be subserved by requiring a sale under the circumstances of this case.   The plaintiff received, through the redemption, the amount to which he was entitled on the note, and he is, by the decree, given a lien for the taxes which he paid.   To give him the land would deprive the defendant of it as a means of satisfying the judgment, and defeat, by a strained construction of the law, the very purpose of it.   Plaintiff in error having paid the taxes in

question in good faith, and to protect his interest in the property, is entitled to a lien on the premises to secure their repayment. 27 Cyc. 1256.

The judgment giving this lien, and refusing further relief to the plaintiff is correct, and is accordingly affirmed.

Mr. Justice Hill and Mr. Justice Bailey concur.