## No. 9903.

### CARLSON, AS PUBLIC TRUSTEE, ET AL. *v.* HOWES.

Decided November 8, 1920.

Action against a public trustee to compel by mandamus the execution and delivery of a second trustee's deed. Writ granted.

### *Reversed.*

#### *On Application for Supersedeas.*

1. REAL PROPERTY—*Public Trustee—Trustee's Deed.* A deed was issued by a public trustee one day before the expiration of the nine months period of redemption prescribed by section 6869, R. S. 1908. In an action against the trustee to compel the issuance of a second deed to a judgment creditor who claimed the right of redemption, *Held,* that the first deed, although irregular, passed the legal title, and the power of sale was extinguished, so far as the trustee was concerned.

2. ACTION—*Mandamus.* A public trustee having deeded property under the terms of a trust deed has nothing left to convey and man-

damus will not lie against him to compel the transfer of the property to another who claims the right of redemption.

*Error to the County Court of Eagle County, Hon. L. B. Tague, Judge.*

Mr. JAMES DILTZ, Mr. JOHN L. NOONAN, for plaintiffs in error.

Mr. W. J. MEEHAN, for defendant in error.

MR. JUSTICE BAILEY delivered the opinion of the court.

THIS action was brought in the County Court of Eagle County by T. A. Howes, against A. F. Carlson, Public Trustee of Eagle County, to compel the latter by mandamus to accept money tendered in redemption of certain real estate theretofore sold by Carlson as Public Trustee, and to execute and deliver a trustee's deed for such property to Howes, who claimed the right to redeem as a judgment creditor, under section 6869, R. S. 1908. The Public Trustee refused to accept the money or execute the deed.

The complaint sets out the following facts: that a deed of trust was duly made, executed and delivered by Burton E. and Diana E. Yeoman to the Public Trustee for the use of White Brothers, to secure the payment of $1,000.00 upon the lands in question; that by virtue of such trust deed, and power therein contained, the Public Trustee advertised and sold the lands therein described to E. E. Glenn & Company on September 19th, 1918; that E. E. Glenn & Company were beneficiaries named in a second trust deed upon the same property, under which latter deed the lands were also sold to them on the same date; that Howes, as judgment creditor, on the 17th day of June, 1919, tendered to the Public Trustee a sufficient amount of lawful money to redeem the property from both of these sales, but that the tender was refused, on the ground that the Public Trustee had already issued his trustee's deed for the land, and had no further interest or title to convey. The petition was attacked by general demurrer, which was overruled, and the trial court awarded the writ as prayed. On this state

of the record defendant brings the cause here for review on error.

It appears that the trustee's deed was issued on the 17th of June, 1919, one day less than nine months after the sale of the property, and therefore within the period of redemption prescribed by section 6869, R. S. 1908. For this reason it is urged that the judgment of the trial court should be affirmed. The only question to determine is whether, after having conveyed the property, either with or without legal right, the Public Trustee has anything left under the provisions of the trust deed to convey. We answer in the negative. Such being the situation there is nothing upon which to base the mandamus action. That the first trustee's deed, although irregular, passed all title which the Public Trustee had, is determined in 17 Colo. 489, *Stephens v. Clay,* 30 Pac. 43, 31 Am. St. Rep. 328.

In that case there was a fatal error by the Public Trustee in advertising the sale, which he attempted to correct by again advertising and selling the property. In discussing the effect of the first deed the court, at page 491, said:

"The decision of the case at bar depends upon the effect of the first attempted sale and deed by the trustee. That there was a fatal error on his part in advertising the sale is not questioned; but if the deed executed in pursuance thereof conveyed the trustee's legal title, his subsequent attempted sale and deed were ineffectual to destroy appellee's right of redemption. If, on the contrary, the trustee's first deed was of no force or effect whatever for any purpose, the legal title remained in him, and his second sale and deed being regular, divested appellee's equity of redemption.

"Trust deeds given as security, and mortgages containing a power of sale, vest the legal title in the trustee. The equity of redemption or equitable title, remains in the mortgagor or 'trustor,' *i. e.,* the owner. The legal title of the trustee is supplemented by a power which authorizes him upon default in payment of the mortgage debt, to advertise and sell the property; the right to exercise this power, as we shall presently see, being dependent upon his possession

of such legal title. The object of the power of sale is not to enable him to convey the legal title vested in himself, but to clothe him with authority to sell and convey the equitable title remaining in the trustor. He may divest himself of the legal title without compliance with the conditions of the trust. But a sale and deed except in strict compliance with the power specified, is of no effect whatever so far as the trustor's equitable estate is concerned. If the trustee, in disobedience of the trust conditions, by deed transfers the legal title, his grantee takes only the trustee's interest. He steps into the trustee's shoes, so to speak, and holds subject to all the reserved rights of the trustor. Neither courts of law nor courts of equity regard the trustee's deed as absolutely void. Both recognize the fact that it conveys the legal title. The difference is that the grantee's title or ownership cannot be challenged at law, while equity treats him as a successor to the trust and protects the trustor's estate. Equity does not vacate the trustee's deed, and regard the title as remaining in him. * * * Upon delivery of his deed the original trustee ceases both at law and in equity to have any further interest in the property. The power of sale is extinguished so far as he is concerned, leaving him in the same position as a total stranger. And an effort on his part to exercise the power originally vested in him, by an attempted resale or a second deed, is of no more force or effect than if the same proceedings were taken by one who never had been connected with the title. *Koester v. Burke,* 81 Ill. 433; *Wells v. Caywood,* 3 Colo. 487; *Doe v. Robinson,* 24 Miss. 688; *Huckabee v. Billingsly,* 16 Ala. 414; *Taylor v. King,* 6 Munford (Va.) 358; *Cranston v. Crane,* 97 Mass. 459; *Fulton v. Johnson,* 23 W. Va. 95.

The above citation fully and correctly states the law as to the case at bar on this point. Although it is urged that *Stephens v. Clay, supra,* does not apply because it was determined under another statute governing the foreclosure of lands under trust deed, we think that point not well taken, as neither under the former statute nor the present one can a different effect be given a conveyance such as is

here involved than is given it in that case. Plainly Howes has mistaken his remedy, which possibly may be a suit in equity, wherein all parties in interest should be brought in, the title quieted, and the redemption money properly distributed, or some other appropriate proceeding.

The judgment of the trial court is reversed and the cause remanded, with leave to the parties to further proceed as they may be advised.

Judgment reversed and cause remanded.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE ALLEN concur.