No. 13,913.

Cripple Creek Trading and Mining Company *v.* Stewart.
(67 P. [2d] 1032)

Decided April 5, 1937. Rehearing denied May 10, 1937.

Mr. Hildreth Frost, for plaintiff in error.

Mr. Warren B. Hale, for defendant in error.

*In Department.*

Mr. Chief Justice Burke delivered the opinion of the court.

THESE parties are hereinafter referred to as the company and Stewart respectively.

Stewart alleging possession, and ownership by virtue of tax deeds, brought this action against the company, as holder of the fee, to quiet title to mining claims. The company denied Stewart's possession, admitted execution of the tax deeds and that Stewart was the holder thereof, alleged they were void on their face, that, because of defective description the property was not assessed, advertised or sold for the tax in question, that title was in itself, and prayed that it be quieted. All this was put in issue by the reply. On trial to the court Stewart admitted his deeds were void on their face, made proof of possession and the payment of $1,194.96 taxes, and presented evidence of improvements. The court found no improvements, ordered that Stewart be reimbursed for his taxes, and thereupon, only, that the company have possession and decree quieting title. To review that judgment it prosecutes this writ. Its assignments amount simply to an assertion of error in requiring it to repay to Stewart said taxes.

In the deeds, and all proceedings leading to their issuance, the description is "Part of Extension, Plomo, Banner, Silver lode mining claims, United States Mineral Survey Number 8941 embracing a portion of sections 20, 28 and 29 in township 15 south, range 69 west of the 6th principal meridian, and containing 14.094 acres, more or less." The court found the total acreage of these claims to be 14.094, and that the company also owned two other claims under United States Mineral Survey Number 9058, in said sections, containing a total acreage of 19.599, or a grand total of 33.693, on all of which it held Stewart's deeds were a cloud.

Counsel for the company relies principally upon *Smith v. Highland Mary M. M. & P. Co.,* 82 Colo. 288, 259 Pac. 1025. It is not in point. That was a suit for damages for removing personal property from real estate. Defendant justified on tax deeds to the real

estate. We held against it first, because the descriptions being of an unidentified portion of a larger tract, the deeds were void, citing 18 C. J. p. 182, section 64; second, because the deeds were limited to the Happy Valley Placer and the lands entered were no part thereof. There was no question of recovery of taxes in the case. *Ireland v. Coal Co.*, 87 Colo. 193, 286 Pac. 280, is cited by counsel. It is not applicable. The point there was that the deed was based upon a sale held later than provided by statute, and for that reason void.

██ ██ We get little help from the briefs because each rests upon assumptions not supported by the record, Stewart's upon the assumption that this is an ordinary case of a void tax deed, and the company's upon the assumption that the description therein is not only indefinite but meaningless. The statute applicable is '35 C. S. A. vol. IV, p. 842, c. 142, §262 (C. L. '21, p. 1902, §7429), which provides that in all cases of recovery of land sold for taxes all taxes paid shall be reimbursed. When we consider the evident purpose of the act and what, in the light of that purpose, is quite apparently excluded, we find little difficulty. That purpose was to permit no delinquent whose land has been sold, to cancel because for some reason void, the deed issued thereon, and thus escape the tax. It evidently contemplates that he shall pay because the property and its tax burden were his and that burden has been discharged by another; and that he shall pay interest and penalties to discourage his failure to meet his obligation to the state, and encourage others to meet it in event of such failure. If we are correct in this then certain alleged sales and deeds are not within the statute. For illustration, A owns the south half and B the north half of section 4. A portion of it is assessed, advertised, sold and deeded to C simply as "one-half of section 4." The deed thus becomes a cloud upon the entire section although void on its face for insufficient description. C brings separate suits against A and B to quiet his title. Each successfully defends on

the ground that C's deed is void on its face for insufficient description. Must each reimburse C? If not, which? If either does is his tax paid? If not, on what theory should he reimburse C? It thus clearly appears that he who pays a tax and gets a deed can recover only when the record discloses upon what property the tax was paid and it appears that reimbursement will discharge the tax. Applying this rule to the suppositious case above stated C would not recover. There being no prima facie alienation of the land there is no recovery of it. In the case before us however the situation is different. While the description purports to include but a part of the mining claims involved, a little computation discloses that it includes all. Again, while the description includes but a small portion of three sections, and does not locate that portion, it correctly describes by name claims upon which the tax is paid and for which the deeds are issued, and makes this definite by a correct statement of their exact acreage. It thus appears that the company's tax has been paid; that it has a complete defense to future claims therefor, and that Stewart paid the tax. It has invoked equity and equity will not permit it to have its title quieted until it discharges the burden which was at all times its own but which another, in apparent good faith, still carries.

The judgment is affirmed.

MR. JUSTICE KNOUS and MR. JUSTICE HOLLAND concur.