No. 19,730.

RICHARD N. GRAHAM, TRUSTEE *v.* ALCOVES, INC.

(366 P. [2d] 375)

Decided November 20, 1961.

Mr. RICHARD N. GRAHAM, pro se.

Mr. LEO T. ZUCKERMAN, Mr. RICHARD M. KRANZLER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

PLAINTIFF in error Graham was plaintiff in the trial court and defendant in error Alcoves, Inc., was defendant. Graham filed his complaint in the trial court to quiet title against a Public Trustee's Deed issued to Alcoves. Alcoves, in a counter-claim, contended that it had expended funds to safeguard and maintain the real estate involved during the redemption period and was entitled to recover for these expenditures.

Briefly stated, the evidence disclosed that on March 7, 1958, C. A. Fritsinger gave a second Deed of Trust to Alcoves on the property concerned. Fritsinger defaulted in his payments and Alcoves elected to foreclose upon the trust deed by Public Trustee's sale.

At the foreclosure sale on December 17, 1958, Alcoves bid in the property and received a Certificate of Purchase which was recorded on December 24, 1958. On May 20, 1959, some five months and three days after the Public Trustee's sale, the Public Trustee issued her deed conveying the property to Alcoves. It is not disputed that the deed was issued prematurely in contravention of C.R.S. '53, 118-9-2 and 118-9-10, which grants the owner of the premises six months within which to redeem from a foreclosure sale, and provides for the issuance of a deed only after expiration of the period for redemption.

On June 17, 1959, the Public Trustee issued a Certificate of Redemption to Fritsinger and on the same day Fritsinger conveyed the property to the plaintiff Graham by warranty deed. Graham supplied the funds with which Fritsinger redeemed the property and received the warranty deed in consideration thereof. Graham had from time to time acted as attorney for Fritsinger and was associated in business with him.

Just before giving the redemption money to Fritsinger, Graham called the holder of the first trust deed and obtained from it the then balance due on that obligation.

The redemption money was paid by the Public Trustee to Alcoves.

During the period when Alcoves held the Certificate of Purchase, it took possession of the property, secured a tenant and received rent, made payments on the first Deed of Trust which was in default, paid a bill for repairs on the improvements and paid the utilities. At the trial Alcoves produced evidence of the income received and expenditures made in connection with its possession of the premises. The evidence disclosed that $808.01 had been expended in excess of the income received. Receipts for these expenditures were not on file with the Public Trustee as part of the redemption costs.

Upon this evidence the trial court found that Graham was entitled to a Quit Claim Deed from Alcoves on payment of $808.01, entered a judgment in that sum and made it a lien on the property.

The only real issue presented here concerns the lien against the property awarded by the trial court for the money expended by Alcoves in excess of income during the period it had possession of the property. C.R.S. '53, 118-9-12 and 118-9-13, permits the holder of a Certificate of Purchase to take possession of the property sold without applying for the appointment of a receiver by the court where the property has been abandoned by the owner. There is then the attendant duty upon the certificate holder of preserving the property and accounting for receipts and expenditures.

The trial court found that Alcoves had taken possession of the property lawfully and legally. The trial court also found that the funds expended were for the preservation of the real estate and for the benefit of all parties interested therein. There is ample evidence in the record to sustain these findings and they will not be disturbed upon review here.

Graham contends that the expenditures may not be made a charge against the property since Alcoves did

not file its receipts for such expenditures with the Public Trustees prior to redemption by Fritsinger.

In Colorado the premature conveyance by a Public Trustee is not void. It carries with it the naked legal title held by the trustee, but does not divest the trustor of his redemption rights. The transfer divests the Public Trustee of any further connection with the matter, but the trustor has the remedy of a suit in equity to quiet his title. Distribution of the redemption money remains subject to determination by the Court. *Carlson v. Howes,* 69 Colo. 246, 193 Pac. 490. This was exactly the remedy sought by Graham except that the redemption money was paid to the Public Trustee rather than into court, as was declared to be the proper procedure in *Carlson.*

Graham is in no better position than Fritsinger who, if he had brought this action, would be required to do equity in order to invoke the aid of equity, *Cripple Creek Trading & Mining Co. v. Stewart,* 100 Colo. 271, 67 P. (2d) 1032. It would have been proper in such a case to impress an equitable lien on the property, since Alcoves' possession and expenditures were proper and necessary for the protection of the property. *Stevenson v. Sebring,* 63 Colo. 4, 164 Pac. 308.

The trial court found, and there is ample evidence in the record to support the finding, that before taking the deed from Fritsinger, Graham knew of the entire situation surrounding the transaction, was aware of the circumstances and the expenditure of money by Alcoves for the benefit of the property. He was aware also that the redemption money which he advanced to Fritsinger and for which he received a deed to the property did not include the expenditures so made. Under such circumstances he is not a purchaser for value without notice, hence he stands only in the shoes of Fritsinger with respect to matters which in equity become a charge upon the property itself.

The trial court committed no error in exercising its

equity powers to adjudge that Graham be entitled to receive a Quit Claim Deed upon payment to the defendant of the amount found to have been expended by it for the benefit of the property, and by decreeing an equitable lien upon the property for such expenditures.

The judgment is affirmed.

Mr. Chief Justice Hall and Mr. Justice McWilliams concur.