The TRAVELERS INSURANCE
COMPANY, a Connecticut
Corporation, Petitioner,

v.

Rol WELLMAN and Nancy
Wellman, Respondents.

No. 84SC240.

Supreme Court of Colorado,
En Banc.

June 23, 1986.

Rehearing Denied July 14, 1986.

Bailey-Robinson, P.C., Ron J. Robinson,
Colorado Springs, for petitioner.

Nicholas W. Goluba, Jr., Glenwood
Springs, for respondents.

KIRSHBAUM, Justice.

We granted certiorari to review the decision in *Wellman v. Travelers Insurance Co.*, 689 P.2d 1151 (Colo.App.1984), in which the Court of Appeals reversed an order of the trial court granting a motion for summary judgment filed by the petitioner, The Travelers Insurance Company (Travelers).[1] We reverse.

In November of 1980 respondents Rol and Nancy Wellman (the Wellmans) executed a $450,000 promissory note in favor of Travelers. The note was secured by a deed of trust on the Wellmans' 1,400-acre working ranch (the property) located in Gunnison and Saguache counties. Two hundred acres of the property were located in Gunnison County; the remaining 1,200 acres were located in Saguache County.

The deed of trust executed by the Wellmans contained a legal description of both of the parcels, created a lien upon the property in favor of the public trustees of both Gunnison and Saguache counties for the benefit of Travelers, and provided for public sale of the property either "en masse or in separate parcels, as the Beneficiary may designate." Duplicate originals of the deed of trust were recorded in each county.

On December 2, 1981, Travelers filed a separate Notice of Election and Demand with each public trustee alleging that the Wellmans were in default under the terms of the deed of trust. Each notice directed the respective public trustee to advertise for sale and sell that portion of the property located within his or her particular county in which the trustee exercised jurisdiction. Each notice was accompanied by a

---

1. In addition to reversing the order granting summary judgment, the Court of Appeals determined that the trial court properly conditioned the continuation of the Wellmans' notice of *lis* *pendens* pending appeal on the posting of a supersedeas bond. No cross-petition for certiorari was filed on this issue and it will not be considered on review.

letter from Travelers dated December 2, 1981, containing the following statement:

This letter will further confirm our agreement by phone that the two foreclosures in Gunnison and Saguache County [sic] will be roughly stimultaneous [sic] with the original Deed of Trust being deposited with the respective Public Trustee of that County, but with the Promissory Note being deposited first with the Public Trustee of the County where the first sale is scheduled. It would then be appropriate to have the sale in the first County at least a day before the sale in the second County, at which time the Note could be marked with the amount bid at the first County sale and then taken to the second County where notation could be made with respect to the bid on the second County property.

Each public trustee proceeded to advertise for sale only that portion of the property located within the trustee's respective county. The Gunnison County Public Trustee's notice of sale, which sale was scheduled for January 25, 1982, was placed in a newspaper of general circulation in that county. The notice did not refer to the Saguache County sale. The Saguache County Public Trustee's notice of sale scheduled that sale for January 26, 1982. That notice, which was advertised in a newspaper of general circulation in Saguache County, did not refer to the Gunnison County sale. Travelers instituted C.R. C.P. 120 hearings in the El Paso County District Court and obtained separate orders authorizing a public trustee's sale in each county for each parcel.

At the January 25, 1982, Gunnison County sale, Travelers, the only bidder, bid a sum equal to the entire remaining indebtedness on the note plus the costs of that sale. The Gunnison County Public Trustee accepted the bid, and Travelers was issued a certificate of purchase for the Gunnison County parcel. Pursuant to prior agreement between Travelers and both public trustees, an exhibit entitled "Redemption Conditions" was attached to the certificate

of purchase, which document provided as follows:

This property is being foreclosed together with property in Saguache County, all of which secures the same Promissory Note. Redemption of this Certificate of Purchase together with payment of respective costs and interest differential concerned in the Saguache County foreclosure shall entitle the redeeming party to redemption of the Saguache County property as well. The Promissory Note has been surrendered to the Public Trustees of Gunnison and Saguache Counties. Credit for the outstanding balance of the Note shall be effected upon redemption in *either* County or upon the issuance of a Public Trustee's Deed in *both* Counties as the purchase has been duplicated with the exception of costs.

(emphasis in original).

At the January 26, 1982, Saguache County sale, Travelers again bid a sum equal to the full amount of the indebtedness remaining on the note plus costs. The Saguache County Public Trustee accepted the bid, and Travelers was issued a certificate of purchase for the Saguache County parcel. Attached to this certificate was a "Redemption Conditions" document identical to the document attached to the certificate of purchase for the Gunnison County parcel, except that the Saguache County "Redemption Conditions" document referred to the Gunnison County sale.

One week prior to the expiration of the six-month redemption period, the Wellmans filed this action in the Gunnison County District Court. The complaint alleged that the Saguache County sale was invalid because the entire indebtedness due on the note was satisfied by Travelers' bid at the January 25, 1982, Gunnison County sale or, alternatively, that both sales were invalid because of irregularities in the procedures utilized to effect the sales. The Wellmans requested the trial court to set aside the Saguache County sale and quiet title to the

Saguache County parcel in them, or to set aside both sales.[2]

The parties filed cross-motions for summary judgment, and the trial court ultimately entered judgment in favor of Travelers. In denying the Wellmans' claims, the trial court made the following findings: (1) the two sales were conducted in a coordinated fashion to avoid an undesirable partition of the property and the substantial problem of apportioning attendant water rights between the two parcels; (2) the bid given to each public trustee was intended to represent the total amount Travelers would pay to purchase all 1,400 acres in both counties, and the two bids were intended to be identical except for differences in costs incurred by the respective public trustees; (3) each public trustee complied with all applicable statutory and deed of trust requirements; and (4) in light of the fact that no bids were presented in competition with Travelers, no prejudice resulted from the procedures followed in this case.

In reversing in part, the Court of Appeals determined that the two sales were independent of each other. It then concluded that when Travelers surrendered the note after bidding in a sum equal to the total indebtedness thereon at the Gunnison County sale, the Wellmans' debt under the note was extinguished. On appeal, Travelers asserts that the Court of Appeals erroneously substituted its own factual findings for those of the trial court when it determined that the two sales were not coordinated. We agree.

It is beyond peradventure that factual findings of a trial court may not be disturbed on appeal if they are supported by the record. *Johnson v. Smith*, 675 P.2d 307 (Colo.1984); *Gebhardt v. Gebhardt*, 198 Colo. 28, 595 P.2d 1048 (1979); *see Peterson v. Ground Water Commission*, 195 Colo. 508, 579 P.2d 629 (1978). The trial court's findings that the two sales were conducted in a coordinated manner and that each of Travelers' bids was intended to represent a single total amount are supported by the record.

The Court of Appeals determined that the trial court incorrectly relied on the "Redemption Conditions" in the certificates of purchase and on certain correspondence from Travelers to the public trustees for its findings. The evidence is undisputed, however, that the "Redemption Conditions" represented the culmination of several discussions between Travelers and the two public trustees concerning the relationship between the two foreclosure proceedings. Affidavits from both public trustees disclose that they were advised at the outset of the proceedings that Travelers was seeking a coordinated sale of the two parcels and that the bidding procedure and certificates of purchase should indicate that the full indebtedness of the note would not be satisfied until the conclusion of both sales.

In addition, correspondence from Travelers to both public trustees on December 2, 1981, establishes that the note was to be surrendered to both public trustees to effectuate the coordinated nature of the two sales. Although the Court of Appeals' decision emphasizes that neither notice of sale advised the public that a coordinated sale was being conducted or that a bid at one sale would have any application to the other, the trial court expressly found that the Wellmans suffered no prejudice from the procedures employed.[3]

---

**2.** The Wellmans also asserted in the alternative that if Travelers retained any interest in the Saguache County property, such interest should be limited to the additional costs and expenses incurred at the Saguache County sale not included in the sum bid at the Gunnison County sale, and that the Wellmans should be entitled to redeem the Saguache County parcel for this amount.

**3.** We note that it would have been the better practice for both notices of sale to have made reference to the sale being conducted in the other county and to the property being sold in such sale. Here, the record discloses that there were no third party inquiries made to the public trustees with respect to either sale, that all interested parties received notice of both sales, and that Travelers was the sole bidder at both sales. These factors support the trial court's finding that no prejudice resulted from the sale procedures employed in this case.

The Court of Appeals also construed certain testimony of the Gunnison County Public Trustee to indicate that she believed Travelers' bid of the total indebtedness applied to the Gunnison County acreage only. While that conclusion might be warranted, the Gunnison County Public Trustee's testimony and her affidavit fully support the trial court's conclusion that she as well as the Saguache County Public Trustee were aware of and agreed to the coordination of the two sales and the joint nature of Travelers' bids at those sales. When evidence supports findings of the trial court, those findings should not be reversed on appeal. *Johnson v. Smith*, 675 P.2d 307; *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

In sum, we conclude that the record supports the trial court's finding of coordinated sales in the instant case and that the Court of Appeals erred in substituting its own findings for those of the trial court. Accordingly, the judgment of the Court of Appeals is reversed.