51 105
71 368

ELBRIDGE C. COOKE, TRUSTEE, *vs.* SENECA S. TRHESHER
AND ANOTHER.

If an attorney has rendered services and expended money in instituting and conducting a suit, and the plaintiff orally agrees that he may retain so much of the avails thereof as will pay him therefor and for previous services in other matters, and he thereafter conducts the suit to a favorable conclusion, he has, as against the plaintiff, an equitable lien upon the avails, both for his services and expenses in the suit and for the previous services covered by the agreement.

And if, after such agreement, the plaintiff goes into insolvency, the trustee in insolvency stands in his place and takes the estate burdened by the equitable incumbrance.

[Argued May 31st—decided July 30th, 1883.]

ACTION brought by the plaintiff as trustee in insolvency of Jedediah Spalding, to recover money of the estate claimed to have been received by the defendants, who set up in defence an equitable lien upon it. The case was brought to the Court of Common Pleas and tried to the jury before *Mather*, *J.* Verdict for the plaintiff, and appeal by the defendants. The court made a finding of the facts, which are sufficiently stated in the opinion.

*S. Lucas* and *S. S. Thresher*, for the appellants.

*G. C. Ripley* and *F. T. Brown*, for the appellee.

PARDEE, J. The defendants, attorneys at law, in compliance with instructions from J. Spalding, instituted several suits in his favor against George H. Harvey; three judgments were rendered for Spalding; Harvey appealed from two of them; during the pendency of the appeals Spalding made an assignment in insolvency. At that time he was indebted to the defendants in the sum of $313.03, for services rendered and money expended in the matter of these suits, and services in other matters. Subsequent to the assignment they, with the approbation and consent of Cooke, the plaintiff, trustee upon Spalding's assigned estate, took out execution upon the judgment against Harvey from which no appeal had been taken, and at their own expense levied it; the levy caused the institution of suits against J. Spalding; they defended these with the approbation and assent of the plaintiff, trustee. In the settlement of these suits for and against Spalding they received the sum of $200, which the trustee seeks to recover from them in this action. The defendants, in support of their counter-claim, introduced evidence tending to prove that at a time more than sixty days prior to his assignment in insolvency, Spalding, being indebted to them to a greater amount than $200 for services and money advanced in several suits, including those against Harvey, and for services in other matters, orally assigned his claim against the latter to them, not as present payment but as security; they to pay him any surplus; he to make good any deficiency. They did not discharge Spalding from his indebtedness. They notified Harvey, and required payment to themselves.

They asked the court to charge that the agreement, if proven, constituted an equitable assignment by Spalding to them of his claim against Harvey, and gave them an equitable lien upon the money collected.

The court charged "that the assignment of a claim, with power to collect and apply as much of the avails as necessary towards the payment of costs and expenses of collecting, and as much balance as necessary towards the payment of his indebtedness to the assignee, and of any

future indebtedness he might owe him, and to pay over the balance to the assignor, was valid; that to make the assignment valid there must have been some delivery of the thing sold, either actual or symbolical, or a part payment, or something given to bind the bargain, or there must have been some memorandum in writing of such agreement signed by Spalding or his agent; and that the discharge of an existing indebtedness would be sufficient consideration for the assignment."

The plaintiff had a verdict for $200; the defendants appealed.

If an attorney has rendered services and expended money in instituting and conducting a suit and the plaintiff orally agrees that he may retain so much of the avails thereof as will pay him for his services and expenses therein and for previous services in other matters, and he thereafter conducts the suit to a favorable conclusion, he has, as against such plaintiff, an equitable lien upon the avails for the services and expenses in the suit, and for the previous services embraced in the agreement; and the trustee in insolvency of the plaintiff, coming to the estate after the making of such agreement, steps into the place of his assignor, and takes the avails as assets burdened by such equitable incumbrance.

The court erred in omitting to charge as requested by the defendants. There must be a new trial.

In this opinion the other judges concurred.