582 P.2d 694 (1978)
Myles J. DOLAN and Loretta M. Dolan, Plaintiffs-Appellants,
v.
Nancy FLETT, the Public Trustee for the County of Jefferson and State of Colorado, General American Life Insurance Company, Defendants-Appellees, and
Frank M. Cavanaugh, Defendant.
No. 77-776.
Colorado Court of Appeals, Div. II.
May 4, 1978.
As Modified On Denial of Rehearing June 1, 1978.
*695 Myles J. Dolan, pro se, and for plaintiff-appellant Loretta M. Dolan.
Patrick R. Mahan, County Atty., Richard F. Mutzebaugh, Asst. County Atty., Golden, for defendant-appellee Nancy Flett, Public Trustee.
Peter A. Robinson, Denver, for defendant-appellee General American Life Ins. Co.
ENOCH, Judge.
This action primarily concerns the recognition of a right of redemption based on an attorney's lien. From an adverse judgment, plaintiffs appeal. We affirm in part and reverse in part.
Each plaintiff claimed a separate right of redemption originating from legal services provided Frank Cavanaugh by his attorney, plaintiff Myles Dolan. On January 18, 1977, Cavanaugh's agricultural property was sold at a foreclosure sale to the holder of the first deed of trust, General American Life Insurance Co. Subsequently, Myles obtained a judgment for Cavanaugh nullifying an unrelated promissory note and deed of trust on that property. On July 15, 1977, he filed with the court a notice of attorney's lien, which had been approved in amount by Cavanaugh, and recorded said notice with the county clerk and recorder. Dolan duly filed with the public trustee a notice of intent to redeem the property. Also, on that day, Cavanaugh executed and delivered a note and deed of trust on the same property to Myles for legal services involving other litigation. Myles assigned *696 this note and deed of trust to his wife, plaintiff Loretta Dolan, recorded the documents, and filed with the public trustee her notice of intent to redeem.
On July 20, 1977, plaintiffs were assigned the following redemption periods: Myles, from August 3, 1977, through August 8; Loretta, from August 9, through August 15. On July 26, plaintiffs were notified that the public trustee refused to recognize Myles' attorney's lien for redemption purposes, and consequently, Loretta's redemption period was moved up and ran from August 3 through August 8.
On August 8, plaintiffs instituted the present action against Cavanaugh, the public trustee, and General American. Cavanaugh admitted his liability and disclaimed any interest in the suit. Initially, a temporary restraining order stayed the issuance of the trustee's deed. However, on August 17, the trial court denied plaintiffs' request for a preliminary injunction and the public trustee issued its deed to General American.

I.
Myles contends that the court erred in ruling that his attorney's lien did not attach to the land in question. We agree.
Myles has a statutory charging lien on "any judgment" he obtained on Cavanaugh's behalf. Section 12-5-119, C.R.S. 1973. In Fillmore v. Wells, 10 Colo. 228, 15 P. 343, the court construed the phrase "any judgment" to mean the "fruits of [any] judgment," including the realty in which a client's "interest ... is preserved." Here, the nullification of the deed of trust eliminated a sizeable encumbrance on Cavanaugh's property. This, in turn, preserved for Cavanaugh the value of the subject property in excess of what was lawfully due General American as holder of the first deed of trust. See § 38-39-103(5), C.R.S. 1973. The benefit of the judgment to Cavanaugh for purposes of the attorney's lien is not lessened by the fact that Cavanaugh did not redeem his property. Thus, Myles' lien for services attached to Cavanaugh's property at the time judgment was obtained. Fillmore, supra; see also People ex rel. MacFarlane v. Harthun, Colo., 581 P.2d 716 (1978).
The public trustee contends that because Myles did not reduce his lien to judgment against Cavanaugh, that lien is unperfected, and cannot support a right to redemption under § 38-39-103, C.R.S. 1973. We agree with plaintiffs' contention, however, that the concept of "lienor" embodied in § 38-39-103, C.R.S. 1973, is not so limited.
The statutory charging lien, § 12-5-119, C.R.S. 1973, attaches immediately upon the obtainment of a judgment. As between attorney and client, nothing more need be done to cause the lien to be enforceable, and the lien becomes enforceable against third parties when notice is provided. Harthun, supra. Here notice was given when the lien notice was filed with the court. Because Myles filed a notice of lien and a notice of intent to redeem, he was entitled to a right of redemption.
Defendants contend plaintiffs' redemption rights expired because they failed to tender the amount necessary to redeem the property. Defendants' contention has merit regarding the claim of Loretta, but not regarding the claim of Myles. Loretta's right to redeem was never questioned; however, she failed to make any tender, and, consequently, lost her right to redeem the property. Myles' failure to tender the amount due has not deprived him of his right to redeem the property. The law does not require a useless tender, Gerbaz v. Hulsey, 132 Colo. 359, 288 P.2d 357; Spaulding v. Porter, 94 Colo. 496, 31 P.2d 711, and a tender on his part would have served no purpose because the public trustee had already indicated that Myles had no redemptive rights.
The judgment terminating Loretta Dolan's right of redemption is affirmed.
The judgment as to Myles Dolan's claim is reversed and the cause is remanded to the trial court with directions to set aside the public trustee's deed, to conduct such proceedings as are necessary to determine the *697 redemption price, and to allow Myles Dolan five days after the date of the determination of the redemptive price within which to redeem the property. In determining the redemption price the court shall make allowance to General American for any and all monies expended during the time of its possession of the property which were reasonable and necessary for taxes, insurance, maintenance and repairs and any other costs or expenses allowable by law. General American shall account for all income and receipts derived from the property and the net profit as determined by the court shall be deducted from the redemption price. It is further directed that interest on the redemption price shall be suspended from the date of the original issuance of the public trustee's deed to the date of the determination by the trial court of the new redemption price.
BERMAN and VanCISE, JJ., concur.