Gwendolyn G. JOHNSON and Roger W. Johnson, Plaintiffs-Appellees,

v.

James A. SMITH; Marshall Young; Jack J. Hull; Realty-In-The-Rockies, Inc., a Colorado Corporation; C. V. Lindsey; Mattie Ethel Lindsey, individually; Mattie Ethel Lindsey, as Executrix of the B. G. Lindsey Estate; the B. G. Lindsey Estate; P. E. Lindsey, as Executor of the Ruby Parker Lindsey Estate; the Ruby Parker Lindsey Estate; Central Bank of Colorado Springs, a Colorado Banking Institution; Gerald L. Montney; Connie Copenhaver, as Public Trustee of Teller County, Colorado; Central Telephone and Utilities Corporation, a Colorado Corporation; Don Sayre; Charlotte White; Mary Armstrong; Randle W. Case; P. B. H., Inc., a Colorado Corporation; A. C. R. Electronics, Inc., a Florida Corporation; and all unknown persons who may claim any interest in the subject matter of this action, Defendants,

and

Rayford Investment Company, Inc., a Louisiana Corporation, and C. Bryant Reber, Trustee, Defendants-Appellants.

Nos. 80CA0932, 80CA0966 and 80CA1024.

Colorado Court of Appeals,
Div. I.

April 29, 1982.

Rehearings Denied May 27, 1982.

Certiorari Granted in Part
and Denied in Part
Sept. 7, 1982.

Ware & Marroney, David E. Ware, Pueblo, for plaintiffs-appellees.

L. Douglas Beatty, Colorado Springs, for defendant-appellant Rayford Investment Co., Inc.

Newman E. McAllister, Colorado Springs, for defendant-appellant C. Bryant Reber.

VAN CISE, Judge.

This is an action to quiet title to certain real property known as the "Lindsey property," which was the subject of a public trustee foreclosure sale. Defendant Rayford Investment Co. (Rayford), assignee of the certificate of purchase, and defendant C. Bryant Reber, the most junior lienor, appeal a judgment entered in favor of plaintiffs, Gwendolyn G. and Roger W. Johnson, redeeming judgment lienors. We reverse.

On May 10, 1978, the property was sold at a foreclosure sale and the certificate of purchase was issued by the public trustee to the holder of the first deed of trust. On October 3, the certificate was assigned to Rayford. At this time Rayford signed an acknowledgment that the property was still subject to redemption.

Prior to the foreclosure sale, another creditor obtained two judgments against one of the record owners of the property. These judgments were recorded June 6. On October 12, that creditor served the public trustee with notice of its intent to redeem. Five days later, it assigned these judgments to the Johnsons. Thereafter, the Johnsons obtained another judgment against the same owner and recorded it. On November 2, they served the public trustee with their notice of intent to redeem.

Also prior to the sale, a third creditor obtained a judgment against that owner. This judgment was assigned to Reber on November 9, and, on November 13, Reber recorded the judgment and served the public trustee with his notice of intent to redeem. The public trustee informed him he had filed too late.

Within the period prescribed in § 38–39–103(1), C.R.S.1973, the Johnsons tendered the proper amount to the public trustee and received a certificate of redemption. Reber did not make a tender to the public trustee.

In December 1978, the Johnsons initiated this quiet title action after the public trustee, upon application, refused to issue them a deed to the property. A pre-trial conference was held at which the parties stipulated that, at all times pertinent hereto, the mortgagee and the public trustee had represented that there was a six-month right of redemption.

After trial to the court, it made detailed and specific findings. Incorporating the pre-trial stipulation therein, the court found that a six-month statutory redemption period applied, and "that all the parties to this action took no affirmative action within what might have been a seventy-five day period of redemption in reliance on the

statements of the bank and the public trustee." The court also found that, when Reber did not tender any money to the public trustee, he lost his right to redeem for failure to comply with § 38–39–103, C.R.S. 1973. The court further found that November 13 was the proper cut-off date for the six-month redemption period. The Johnsons' liens were found by the court to have been properly and timely recorded. On the basis that no other proper redemption had occurred subsequent to that of the Johnsons, the court quieted title in the Johnsons and ordered the public trustee to issue them a deed. From that judgment, Rayford and Reber appeal.

## I. REDEMPTION PERIOD

■ Rayford, the holder of the certificate of purchase, contends that the court erred by finding that a six-month rather than a 75-day redemption period applied, and that attempted redemptions after the termination of the 75 days were too late. It claims that, because a portion of one of the 36 parcels of land described in the deed of trust is within a platted subdivision, all of the parcels are nonagricultural and the shorter redemption period applies. We do not agree.

Here, Rayford does not dispute the court's findings that all parties to this action stipulated that both the foreclosing mortgagee and the public trustee advised all parties that a six-month redemption period applied, and that no action was taken by any party to redeem or to move for an order correcting the redemption period within the initial 75 days. At the time Rayford bought the certificate of purchase, he acknowledged that the property was then subject to redemption. And Reber, admitting that at all times he has acted as Rayford's agent, became the most junior lienor and filed his notice of intent to redeem on November 13, the last day of the six-month redemption period. As Rayford's actions are inconsistent with its contention, and since the trial court's findings were not refuted and are supported by the evidence, the court's determination that a six-month statutory redemption period applied will not be disturbed upon review. See Graham v. Alcoves, Inc., 148 Colo. 379, 366 P.2d 375 (1961); Arnold v. Gebhardt, 43 Colo.App. 387, 604 P.2d 1192 (1979).

■ Even assuming, arguendo, that the land was nonagricultural by reason of Rayford's interpretation of § 38–39–102, C.R.S. 1973, and that a 75-day period should have been applied, we note that there was sufficient evidence to support the findings that the public trustee advised all the parties involved that a six-month statutory redemption period applied and that they acted in reliance on that information. Consequently, since the holders of rights of redemption relied on erroneous information given them by the public officer conducting the sale, the court, through its equity power, could invoke a six-month redemption period. Arnold v. Gebhardt, supra.

## II. SUBSEQUENT LIENOR'S RIGHT TO REDEEM

■ Reber contends that the court erred by denying him the right to redeem for failure to tender the necessary redemption money to the public trustee. We agree.

Dolan v. Flett, 41 Colo.App. 40, 582 P.2d 694 (1978) is dispositive of this issue. In Dolan, we held that the lienor's "failure to tender the amount due has not deprived him of his right to redeem the property. The law does not require a useless tender, ... and a tender on his part would have served no purpose because the public trustee had already indicated that [the lienor] had no redemptive rights."

■ Here, believing that the six-month cut off date was November 10, the public trustee erroneously told Reber he was too late to redeem. In fact, because of a legal holiday and a weekend, the six-month redemption period did not end until November 13, as correctly found by the trial court.

Reber served his notice November 13. Reber's reliance on the public trustee's statement is sufficient, regardless of any other reasons which may have influenced his final decision not to tender.

In view of the conclusions reached in this opinion, the other assignments of alleged error need not be addressed.

The judgment is reversed, and the cause is remanded to the trial court to conduct a hearing at the earliest practicable date to determine the amounts that are properly chargeable to Reber to redeem from the Johnsons. When determined, Reber shall have a reasonable time as prescribed by the trial court within which to pay the proper amount into court for the benefit of the Johnsons. On such payment, the public trustee's deed to the Johnsons shall be cancelled, a new deed shall be issued to Reber, the money shall be paid by the clerk of the court to the Johnsons, and Reber shall be the owner of the property free and clear of any claim of any of the other parties to this action.

In the event Reber does not pay the money into the court within the prescribed time, he shall have no further rights in the property and the Johnsons shall be the owners, free and clear of any claim of any of the other parties to this action.

STERNBERG, J., concurs.

COYTE, J., dissents.

COYTE, Judge, dissenting.

I respectfully dissent.

The majority's reliance upon *Dolan v. Flett,* 41 Colo.App. 40, 582 P.2d 694 (1978) is misplaced. In *Dolan,* the lienor was told that he had no redemptive rights, and solely in reliance upon that statement, he did not attempt to redeem.

Furthermore, since § 38–39–103(3), C.R.S.1973 makes tender mandatory, I do not agree with the statement in *Dolan v. Flett, supra,* that the law does not require a useless tender to the public trustee. The cases relied upon in *Dolan* in support of that statement are contract cases which do not fall within the mandate of § 38–39–103(3), C.R.S.1973. Thus, as this section controls the disposition of this case, the majority in following *Dolan,* has disregarded the mandatory tender language contained in § 38–39–103(3), C.R.S.1973.

The trial court found that the lienor had no intent to tender the $170,000 necessary to redeem because of the high rate of interest, the lienor's lack of desire to tie up that amount of money for the duration of the trial, the value of the property involved, and because of his belief that one of the lien claims on the property was fraudulent.

As the evidence supports these findings, they are binding on us on review. *Linley v. Hanson,* 173 Colo. 239, 477 P.2d 453 (1970). In applying *Dolan v. Flett, supra,* to give credence to Reber's statement that he relied on the public trustee's statement when the trial court found to the contrary, the majority thus substitutes itself for the trial court as a fact finding body.

Since the lienor never intended to tender the money to the public trustee, to allow him to later take the position that he relied on the statement by the public trustee, amounts to a fraud on the court which we should not condone.

Accordingly, since the lienor never intended to tender the redemption money to the public trustee, I would affirm the judgment of the trial court.