**In re Monte C. CAMPBELL, dba President or Employee of Royal Gorge Enterprises, Inc., M Bar M Ranches, Inc., Campbell Farms, Inc., and Fremont Dental Clinic, P.C., Debtor.**

**Bankruptcy No. 81 B 05431 K.**

United States Bankruptcy Court, D. Colorado.

Jan. 10, 1983.

Jon L. Lawritson, Denver, Colo., for the Trustee, Frank A. Natchez.

Henry B. Eastland, Colorado Springs, Colo., pro se.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the Motion and Application of Henry B. Eastland, P.C., for payment of Attorney's Fees by Trustee.

Henry B. Eastland, P.C., represented Gerald E. Warden and Carol A. Warden in a lawsuit in state court against Monte C. Campbell, the Debtor herein. A judgment was entered in this lawsuit on August 25, 1981, in the amount of $200,377.55 in favor of the Wardens.

The Debtor's petition herein was filed on November 18, 1981. Eastland filed a proof of claim on behalf of the Wardens based on the judgment for the sum of $203,313.56. He subsequently represented the Wardens in some proceedings in the bankruptcy action, including Rule 205 Examinations and the § 341 Meeting of Creditors.

As of July 15, 1982, Eastland claims the Wardens owe him $12,154.88 in attorney's fees for services rendered in connection with the state court lawsuit and the bankruptcy proceedings. He requests an order from this Court directing the Trustee to withhold, out of any distribution made to the Wardens on their judgment claim, an amount sufficient to pay the attorney's fees owed to him.

It is Eastland's position that pursuant to C.R.S. 1973 § 12–5–119, Colorado law provides an attorney with a lien for fees due which may be enforced against any judgment obtained by his efforts. However, both Eastland and the Trustee questioned whether the statutory attorney's lien would remain valid and enforceable against the distribution to be received on the judgment claim through the bankruptcy proceeding.

As the right to an attorney's lien is fixed by state law, this Court must consider Colorado law to determine the nature and extent of the attorney's lien asserted herein. *Donaldson v. Gaudio,* 260 F.2d 333 (10th Cir., 1958).

The attorney's lien in Colorado arises solely from statute, C.R.S. 1973 § 12–5–119, which provides:

All attorneys- and counselors-at-law shall have a lien on any money, property, choses in action, or claims and demands in their hands, on any judgment they may have obtained or assisted in obtaining, in whole or in part, and on any and all claims and demands in suit for any fees or balance of fees due or to become due from any client. In the case of demands in suit and in the case of judgments obtained in whole or in part by any attorney, such attorney may file, with the clerk of the court wherein such cause is pending, notice of his claim as lienor, setting forth specifically the agreement of compensation between such attorney and his client, which notice, duly entered of record, shall be notice to all persons and to all parties, including the judgment creditor, to all persons in the case against whom a demand exists, and to all persons claiming by, through, or under any person having a demand in suit or having obtained a judgment that the attorney whose appearance is thus entered has a first lien on such demand in suit or on such judgment for the amount of his fees. Such notice of lien shall not be presented in any manner to the jury in the case in which the same is filed. Such lien may be enforced by the proper civil action.

In *Donaldson v. Gaudio, supra,* the Colorado Supreme Court interpreted the attorney's lien statute as giving an attorney a lien for the balance of fees due on the following different types of "property":

(1) money, property, choses in action, and claims and demands in the attorney's hands;

(2) any judgment the attorney obtained or assisted in obtaining; and

(3) any and all claims and demands in suit.

Using the analysis adopted in the *Donaldson* case, Eastland's claim in this proceeding is most properly construed as consisting of two liens. First, he asserts a lien on a judgment for services rendered in obtaining it. The second part of his claim involves a lien on a "claim in suit" for services rendered in connection with prosecuting the proof of claim in this bankruptcy proceeding.

In *Fillmore v. Wells,* 10 Colo. 228, 15 P. 343 (1887), and more recently in *Dolan v. Flett,* 40 Colo.App. 41, 582 P.2d 694 (1978), the Colorado courts have interpreted the provision of the attorney's lien statute which grants a lien on "any judgment." These cases hold that the statute gives an attorney the right to have his fees secured by the "fruits of any judgment" which he helps to obtain. In *Dolan v. Flett, supra,* the judgment obtained by the attorney eliminated an encumbrance on the client's land. The Court decided that the fruit of the judgment was the increased equity in the land and held that the attorney's lien attached to the land.

The "fruits of the judgment" in the present fact situation will be the money distributed to the Wardens on their claim against the Debtor. Under the Colorado courts' interpretation of C.R.S.1973 § 12–5–119, Eastland's lien will attach to and can be enforced against that distribution. The amount of the lien will be the balance due on fees for services rendered in obtaining the judgment.

The debt for fees for services performed in the bankruptcy proceeding is secured by a lien on the claim that Eastland is presently prosecuting for the Wardens in the bankruptcy proceeding. The statute allows a lien to be imposed on a claim only if it is in the attorney's hands or if it is "in suit." *Donaldson v. Gaudio,* 260 F.2d 337 (10th Cir.1958). In *Donaldson,* the Court considered the question of when a claim was in suit and concluded that the determinative factor was whether "proceeding [had been] commenced in a court of justice". The proceedings undertaken in this Court with respect to the claim of the Wardens

clearly make it a "claim in suit" under the statute. Although there appear to be no Colorado cases concerning the enforcement of a lien on a claim in suit, the rationale of the cases involving liens on judgments would seem to apply in this situation. Thus, the lien could be enforced against the "fruits" of the claim—in this case, the distribution to be received by the Wardens.

Filing notice in the court in which the judgment was rendered pursuant to C.R.S. 1973 § 12–5–119 is not a requirement for the validity of the lien. As between the attorney and his client, the lien is valid without notice. *Collins v. Thuringer,* 92 Colo. 433, 21 P.2d 709 (1933). Statutory notice is also unnecessary to make the lien valid against the judgment debtor where the judgment debtor has actual knowledge of the claim. *Aleman v. Annable,* 110 Colo. 61, 129 P.2d 987 (1942). The Court finds that the application for payment of attorney's fees filed by Eastland in this matter constitutes sufficient notice to the judgment debtor of Eastland's intention to satisfy his judgment out of the distribution on the Wardens' claim.

This Court is aware of no cases which hold that a state attorney's lien cannot be enforced against a creditor's claim in a bankruptcy proceeding. In *In re Shirley Duke Associates,* 611 F.2d 15 (2nd Cir.1979) the Second Circuit upheld an attorney's lien under circumstances similar to those herein involved. The creditors' attorneys in *Duke, supra,* commenced proceedings in the New York state courts against the debtor and continued those proceedings in the bankruptcy court after the debtor's petition was filed. The Court applied state law to determine the scope and validity of the lien. It concluded that an attorney representing a creditor in a bankruptcy proceeding has a lien on the fund allocated to the payment of his client's claim to the extent that the lien is otherwise valid under state law.

For the foregoing reasons, the Court finds that Eastland has a valid lien upon any distribution on the Wardens' claim. Therefore, it is

ORDERED that the Trustee withhold out of any distribution to be made to Gerald and Carol Warden on their judgment claim in these proceedings the amount of $12,-154.88 which is to be paid to Henry B. Eastland in satisfaction of his attorney's lien.