**Edwin KAHN and Cynthia Kahn, Plaintiffs–Appellees and Cross–Appellants,**

**v.**

**Ray QUINTANA d/b/a Capitol Hill Gold Buyers, Defendant–Appellant and Cross–Appellee.**

**No. 89CA2147.**

Colorado Court of Appeals, Div. III.

April 25, 1991.

Moya & Recht, Daniel N. Recht, Denver, for plaintiffs-appellees and cross-appellants.

Arthur M. Schwartz, P.C., Arthur M. Schwartz, Denver, for defendant-appellant and cross-appellee.

Opinion by Judge MARQUEZ.

Defendant, Ray Quintana, d/b/a Capitol Hill Gold Buyers, appeals from the trial court's judgment in favor of plaintiffs, Edwin and Cynthia Kahn, in an amount purportedly representing the retail value of silver flatware, jewelry, and other silver articles that were stolen from plaintiffs and sold to defendant. Plaintiffs cross-appeal the rejection of their treble damage claim under § 18–4–405, C.R.S. (1990 Cum. Supp.). We remand to the trial court for further findings in accordance with this opinion.

In June 1988, plaintiffs discovered that silver flatware, jewelry, and other associated silver items had been stolen from their home sometime between January and April of 1988, when they were out of the country. Shortly thereafter, the police found that the thief had sold most of this property to defendant, a dealer in precious metals.

In August 1988, plaintiffs filed a complaint pursuant to C.R.C.P. 104 against defendant seeking return of the property, the imposition of a constructive trust, and treble damages, attorney fees, and costs pursuant to § 18–4–405.

At a show cause hearing in September 1988, the court found that defendant had melted down most of the silver items in his possession into silver buttons or "blobs." The court ordered that all of plaintiffs' property plus all of the silver blobs in defendant's possession be turned over to plaintiffs until the matter was resolved.

Thereafter, plaintiffs amended their complaint to seek damages against defendant in an amount reflecting the actual value of the property. Plaintiffs also asserted a claim for conversion.

After trial to the court, the court found that defendant had exercised good faith

but nevertheless entered judgment in favor of plaintiffs and against defendant in the amount of $11,692.50, plus interest.

## I.

Defendant now argues that an individual who acts in good faith cannot be liable for monetary damages under § 18–4–405. We agree.

Section 18–4–405 provides:

"All property obtained by theft, robbery, or burglary shall be restored to the owner, and no sale, whether in good faith on the part of the purchaser or not, shall divest the owner of his right to such property. The owner may maintain an action not only against the taker thereof but also against any person in whose possession he finds the property. In any such action, the owner may recover two hundred dollars or three times the amount of the actual damages sustained by him, whichever is greater, and may also recover costs of the action and reasonable attorney fees; *but monetary damages and attorney fees shall not be recoverable from a good-faith purchaser or good-faith holder of the property.*" (emphasis added).

The language of the statute is clear that *no* monetary damages shall be recoverable under the statute from a good-faith purchaser; hence, it must be applied as written. *See Western Refining Corp. v. State,* 767 P.2d 772 (Colo.App.1988).

Accordingly, if the judgment represents an award of damages under the statute, then it cannot stand. However, we do not interpret the statute to preclude the recovery of actual damages in an action for common law conversion. *See In re Marriage of Allen,* 724 P.2d 651 (Colo.1986); *Mari v. Wagner Equipment Co., Inc.,* 721 P.2d 1208 (Colo.App.1986).

Here, the judgment is not clear as to whether the court awarded damages only under the statute or also under a theory of conversion, and thus, the matter must be remanded for further findings to clarify the basis for the trial court's award.

## II.

Further, defendant argues that an award, if any, must be based on the fair market value of the property at the time of the alleged act. We agree. *People v. McCoy,* 764 P.2d 1171 (Colo.1988); *Glenn Arms Associates v. Century Mortgage & Investment Corp.,* 680 P.2d 1315 (Colo. App.1984).

Additionally, as plaintiffs concede, upon full payment of damages they are due, defendant is entitled to return of the silver blobs.

Finally, contrary to what defendant contends, he is not entitled by virtue of § 13–21–111.6 (1987 Repl.Vol. 6A) to the benefit of a reduction in any award for payments made or to be made by a collateral source. That is, whether plaintiffs will collect on the order of restitution required to be paid by the thief as a condition of his parole is too speculative to warrant reduction of any damages award.

## III.

In their cross-appeal, plaintiffs basically contend that the court erred in concluding that defendant had acted in good faith, that this conclusion was based on an erroneous finding that defendant had complied with § 18–16–101, et seq., C.R.S. (1986 Repl.Vol. 8B), the Purchasers of Valuable Articles Act, and that therefore, treble damages should have been awarded under § 18–4–405. We disagree.

The factual findings of a trial court may not be disturbed on appeal unless they are unsupported by the record. *Johnson v. Smith,* 675 P.2d 307 (Colo.1984); *Alamosa National Bank v. San Luis Valley Grain Growers, Inc.,* 756 P.2d 1022 (Colo.App. 1988).

The court here found that defendant had substantially complied with the Act. The court also found from the evidence that "the defendant exercised good faith."

These findings are adequately supported by the record and will not be overturned. *See Johnson v. Smith, supra.* The record reflects that defendant recorded the name

of the seller, his address, date of birth, and driver's license number. Additionally, defendant recorded the date, time, and place of each and every purchase and obtained a written declaration of the seller's ownership and the seller's signature.

Furthermore, with regard to each transaction, the type of article purchased was described as "flatware" or "flatware and jewelry." And, with regard to each transaction, except one, the articles purchased were specifically designated by the type of flatware and jewelry sold and contained the specific number of items involved.

The record also reflects that defendant held items for at least thirty days before melting them down and that he paid a reasonable price for the bullion value of the silver. There is also no evidence that defendant knew the items were stolen. In addition, we conclude that even if the finding that defendant complied with the Purchasers of Valuable Articles Act was erroneous, violation of that act does not necessarily require a finding of bad faith under § 18-4-405.

Therefore, the cause is remanded to the trial court for further findings in accordance with this opinion. If the decision is based on § 18-4-405 alone, then the judgment is reversed insofar as it awarded money damages to plaintiffs. If the basis of the damages award was conversion, then the plaintiffs are entitled to judgment for the fair market value of the items taken as of the date that defendant obtained possession, and defendant is entitled either to return of the bulk silver or credit for the value of the bulk silver.

TURSI and REED, JJ., concur.