**Leona BUELL, Plaintiff–Appellant,**

v.

**Arlyn L. WHITE and Marlene M. Schmeckpeper, in her capacity as the duly elected, qualified and acting Public Trustee of the County of Cheyenne, State of Colorado, Defendants–Appellees.**

**No. 94CA0816.**

Colorado Court of Appeals, Div. I.

Sept. 28, 1995.

Rehearing Denied Nov. 16, 1995.

Silver, Robinson, Tobin & Schuyler, P.C., G. Michael Schuyler, Denver, for Plaintiff–Appellant.

Shinn Lawyers, Carl M. Shinn, Wendy S. Shinn, Donald L. Steerman, Lamar, for Defendants–Appellees.

Opinion by Judge METZGER.

Plaintiff, Leona Buell, appeals the order denying her request for an injunction to extend, beyond the statutory limit, the time in which she may redeem real property sold in a public trustee's foreclosure sale. We reverse and remand with directions.

Plaintiff leased a farm in Cheyenne County. The farm was encumbered by a deed of trust held by defendant Marlene M. Schmeckpeper, the public trustee. Upon default of the underlying obligation, defendant Schmeckpeper sold the farm to the Eastern Colorado Bank in a public auction on April 21, 1993, and the bank thereafter sold it to defendant Arlyn L. White.

Plaintiff, as a lessee under a properly recorded lease, had a statutory right of redemption under §§ 38–38–301 and 38–38–302, C.R.S. (1982 Repl.Vol. 16A). To exercise this right of redemption, and to avoid losing her interest in the land, plaintiff was

required to redeem by the close of business at the Cheyenne County Public Trustee's Office on December 6, 1993. The close of business for the public trustee's office was 4:00 p.m.

On December 6, 1993, the last day on which she could redeem, plaintiff went to the Bank of Burlington to complete a loan transaction to obtain the funds necessary for redemption. At 3:30 p.m., she reached a final agreement on the loan, and the bank issued her a certified check at approximately 3:45 p.m. Plaintiff then telephoned the public trustee's office and learned that it closed at 4:00 p.m., making it impossible for her to reach that office, which was about 40 miles away, before it closed.

However, the public trustee confirmed that an electronic fund transfer would be acceptable to transfer the funds directly to the public trustee's account at the Eastern Colorado Bank. Accordingly, plaintiff sought to effect such a transfer and completed her portion of the transfer by 3:57 p.m. The funds were not transmitted because the Eastern Colorado Bank had ceased accepting electronic transfers that day at 2:00 p.m. as a result of the "press of business."

As a result, plaintiff was unable to get the money to the public trustee before the close of business. Instead, she tendered the money to the clerk of the district court of Cheyenne County on the morning of December 7, 1993, but the funds were refused, leading to these proceedings.

In a hearing on January 24, 1994, the district court denied plaintiff's request to extend her time to redeem beyond the statutory period.

## I.

Plaintiff contends that the trial court erred in determining that the public trustee was not required to accept redemption money in any form allowed under the statutes at any time during the normal business hours of the public trustee's office. We agree.

■ Public trustees do not have discretion to choose which statutorily approved form of payment is acceptable from one wishing to exercise a right of redemption. Section 38-

37–108, C.R.S. (1982 Repl.Vol. 16A) defines legally acceptable payment as follows:

> All moneys payable to a public trustee . . . upon redemption or cure . . . shall be in the form of cash or by electronic transfer to an account of the public trustee available for such purpose or in the form of a certified check, cashier's check, or teller's check, made payable to such public trustee. . . .

Furthermore, § 38–37–102(2), C.R.S. (1982 Repl.Vol. 16A) requires, among other things, that: "[T]he office of the public trustee shall be kept open for the transaction of business during ordinary business hours each day, except Saturdays, Sundays, and legal holidays."

■ The right of redemption must be exercised in strict compliance with the statutory terms and depends entirely upon the provisions of the statute creating the right. *Johnson v. Smith,* 675 P.2d 307 (Colo.1984). Also, because redemption is favored over forfeiture, redemption statutes are liberally construed in favor of the redemptioner. *Notch Mountain Corp. v. Elliott,* 898 P.2d 550 (Colo.1995).

Part of the business for which the public trustee's office is responsible is "processing and executing . . . certificate[s] of redemption and procuring the acknowledgement thereof, to a person or entity redeeming pursuant to the provisions of sections 38–38–302(2) or 38–38–402. . . ." Section 38–37–104(1)(d), C.R.S. (1982 Repl.Vol. 16A). And, before this function of the public trustee can be performed, one seeking to redeem must pay the redemption amount to the public trustee. Section 38–38–402, C.R.S. (1982 Repl.Vol. 16A).

■ Accordingly, we conclude that, to fulfill its clearly defined statutory duties, the public trustee must be able to *receive* redemption money in any of the forms specified in § 38–37–108, at any time during "ordinary business hours."

■ Here, plaintiff, the payor, chose to pay her redemption money to the public trustee through the electronic transfer of funds, one of the forms of payment that the

public trustee was obligated to accept. She attempted such a transfer at 3:57 p.m., during the ordinary business hours of the public trustee. Through no fault of her own, the transaction was unable to be completed because the bank at which the public trustee maintained the account had shut down its wire service.

Since plaintiff complied with the applicable law in all respects and, through no fault of her own, was unable to redeem within the applicable time, the trial court erred in denying her request for extension.

As a corollary to the above conclusion, we also hold that the trial court erred in determining that plaintiff had failed to tender the redemption money to the public trustee during the time permitted.

When a party, who is willing and able to pay, offers to pay another a sum of money and is advised that it will not be accepted, the offer amounts to a tender even though the money is not produced. *Coppom v. Humphreys,* 171 Colo. 410, 467 P.2d 816 (1970).

Here, the trial court determined that:

[T]he plaintiff ... was unable to wire the funds from a Burlington, Colorado, bank to the [Eastern Colorado] bank because [that] bank wire had closed at 2:00 p.m. because of the press of business....

Here, the record demonstrates that plaintiff received a certified check from the Bank of Burlington in the amount required to redeem the property; that plaintiff was prepared to transfer the funds to the public trustee's account; and that the public trustee acknowledged that she would accept the funds by wire transfer. Nothing in the record indicates that the Burlington bank was unable to transfer the funds.

Thus, since the public trustee's bank was required by statute to accept payment through electronic transfer and since the trial court found that the sole reason preventing the wire transfer was that bank's inability to receive the funds, we conclude that plaintiff's actions constituted a tender.

Because of this disposition, we need not address plaintiff's additional arguments.

The order is reversed and the cause is remanded to the trial court with directions to order the public trustee to accept plaintiff's tender of redemption funds.

PLANK and TAUBMAN, JJ., concur.