In re Stathis Stavros MANOUSOS, Debtor.

Command Electric, Inc., Movant,

v.

Tracy Alan Saxe, Trustee, Stathis Manousos, Debtor, Respondents.

Bankruptcy No. 98–23314.

United States Bankruptcy Court, D. Connecticut.

May 5, 1999.

George M. Purtill, and Seth Jacoby, Purtill, Purtill & Pfeffer, Glastonbury, CT, Counsel for Movant.

Tracy Alan Saxe, Saxe Eustace & Vita, P.C., New Haven, CT, Counsel for Trustee–Respondent.

Anthony S. Novak, Chorches & Novak, P.C., Wethersfield, CT, Counsel for Debtor–Respondent.

*RULING ON MOTION FOR RELIEF FROM STAY OR, IN THE ALTERNATIVE, MOTION TO COMPEL ABANDONMENT OF PROPERTY OF THE ESTATE*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

## I.

### ISSUE

The movant of the above-entitled motion ("the motion") is Command Electric, Inc. ("Command"), a state-court $26,147.00 judgment creditor, of the debtor, Stathis Stavros Manousos ("the debtor"). The debtor commenced his Chapter 7 case by a petition filed on July 20, 1998, and Tracy Alan Saxe, Esq. was thereafter appointed trustee ("the trustee") of the debtor's estate.

The motion states that on April 24, 1996, Command commenced in state court an action against the debtor, his mother, his wife, and a corporation owned by the mother to recover various alleged fraudulent conveyances which the debtor had made to the other three defendants. Command retained the law firm of Purtill, Purtill & Pfeffer ("PP & P") to prosecute this action under written letter agreement which, in effect, grants PP & P an attorney's lien against "judgments, settlements, amounts due or to become due concerning matters on which we have acted as your counsel." Exh. 1.

The trustee, on or about December 23, 1998, pursuant to Fed.R.Bankr.P. 9019, requested that the court approve a compromise with the debtor for $5,000 of an unidentified and nonspecific "potential fraudulent conveyance claim."[1] Command's motion asserts that the fraudulent conveyance claim to be compromised is encompassed within the action instituted by Command against the debtor and others on April 24, 1996; that PP & P's attorney's lien, which amounts to $12,671.35, is assertable against the trustee's proposed compromise of $5,000; that in such instance, there is no benefit to the debtor's estate in the compromise as there is no equity in the claim for the estate; and that the court should grant Command relief from the automatic stay established for by 11 U.S.C. § 362(a) so that Command may continue its pending state-court fraudulent conveyance action, or, in the alternative, the court should compel the

1. At the trustee's request, no hearing date has been set for the motion to compromise.

trustee to abandon the fraudulent conveyance claim. The debtor and the trustee objected to Command's motion, and a hearing thereon was held on April 13, 1999, prior to which all appearing parties submitted memoranda of law.

## II.

### CONTENTIONS OF THE PARTIES

The nub of Command's claim is stated in its memorandum of law as follows:

> The property of the estate which the Trustee seeks to compromise for the sum of $5,000 comes to the estate encumbered by the charging lien of Command's counsel as it is the fraudulent conveyance claim commenced by Command's counsel which the Trustee now seeks to settle. *Command Memorandum* at 8.

The trustee concedes that under Connecticut common law PP & P holds an attorney's lien, but only "as to funds which are due Command." *Trustee Memorandum* at 3. He then argues that "[s]ince [PP & P] did not represent the Estate or the debtor they cannot claim a lien on the settlement which was made by the Trustee for benefit of the Estate." *Id.* At 1. The debtor supports the trustee's position.

## III.

### DISCUSSION

■ All the parties concur that a common law attorney's lien is recognized in Connecticut. *See Cooke v. Thresher*, 51 Conn. 105, 107 (1883) ("If an attorney has rendered services and expended money in instituting and conducting a suit and the plaintiff orally agrees that he may retain so much of the avails thereof as will pay for his services and expenses therein ... and he thereafter conducts the suit to a favorable conclusion, he has, as against such plaintiff, an equitable lien upon the avails for the services and expenses in the suit ..."). There is also no question that

property of a bankruptcy estate will include transferred property to the extent the transfer is avoided as a fraudulent transfer. *See Fed. Dep. Ins. Corp. v. Hirsch (In re Colonial Realty )*, 980 F.2d 125, 131 (2d Cir.1992).

■ Command's memorandum of law contains numerous citations of cases where bankruptcy courts have recognized an attorney's lien asserted by a debtor's attorney against the proceeds of the debtor's estate's cause of action. However, none of the rulings deal with the instant situation, where the attorney's lien asserted is that of a creditor's attorney, not that of the debtor's attorney. Command has cited no authority to support its contention that its charging lien should attach to a settlement procured by the trustee on behalf of the bankruptcy estate. Here, the proposed settlement fund would arise, postpetition, from an agreement between the debtor and the trustee, for the benefit of the bankruptcy estate. It represents the liquidated value of the assets allegedly fraudulently transferred, recovered for the benefit of all unsecured creditors, not just Command. As such, it is properly included in the bankruptcy estate. PP & P's charging lien attaches only to the portion of such fund allocable to Command. The Second Circuit Court of Appeals has stated that an attorney representing a creditor in a bankruptcy proceeding may have a judicially enforceable charging lien under the applicable state law upon the portion of the fund "allocated to the payment of his client's claim. However, the attorney's lien is upon that fund only, nothing else." *Gordon v. Shirley Duke Associates*, 611 F.2d 15, 18 (2d Cir.1979). *Cf. In re Campbell*, 26 B.R. 145, 147 (Bankr.D.Colo.1983) (Under Colorado statute providing for attorney's lien, "an attorney representing a creditor in a bankruptcy proceeding has a lien on the fund allocated to the payment of his client's claim to the extent that the lien is otherwise valid under state law.") [2]

---

**2.** The debtor in his memorandum cited in support of his position, *Pan Am World Air-*

The court concludes that PP & P's attorney's lien is not assertable against the trustee's proposed compromise, assuming the compromise, after hearing, is approved. PP & P rendered no services at the request of the debtor or the trustee, and the proceeds of the compromise are not the final avails of Command's litigation.

Command also asserts in its memorandum an issue, not discussed during the April 13, 1999 hearing nor mentioned in the motion, that the fraudulent conveyance matter which the trustee proposes to compromise may not be property of the debtor's estate because the trustee would be barred by a statute of limitations from pursuing the claim. Clearly, the trustee cannot seek to compromise claims which are not property of the estate, but that issue may be considered when the hearing on the compromise is set.

## IV.

### CONCLUSION

Command's motion for relief from stay, based upon its claim that PP & P's attorney's lien would attach to the proceeds of the $5,000 compromise, is denied, as is its request that the court order the trustee to abandon the fraudulent conveyance claim. It is

SO ORDERED.

ways, Inc. v. Care Travel Co., Ltd. (*In re Pan Am Corp.*), 138 B.R. 382, 389 (Bankr.S.D.N.Y. 1992), but apparently failed to note the subsequent reversal on appeal in *Pan Am World Airways, Inc. v. Care Travel Co., Ltd.* (*In re Pan Am Corp.*), 166 B.R. 538 (S.D.N.Y.1993).