[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR RECONSIDERATION/REARGUMENT
On June 18, 1999, this court issued a memorandum of decision on Motion for Order in Aid of Execution #111. In its memorandum, the court discussed the law as to attorney's charging liens and stated that "[u]nless a special agreement or contract is shown to exist, a charging lien brought in relation to one matter cannot be used by the attorney to collect outstanding fees from unrelated matters." Subsequent to the decision, defendant Cristwood and its attorneys, Willinger, Shepro, Tower and Bucci (WSTB) asked for reargument on the matter. Specifically, Cristwood and WSTB, asked that this court reconsider its decision in regards to the court's finding that no such special agreement existed.
After reviewing the record in the file, the transcript of the argument before the court and entertaining subsequent oral argument, this court will now clarify its prior ruling. CT Page 3885
During original argument, counsel for WSTB took the position that, irrespective of the existence of an agreement, they were entitled to a lien for services rendered to Cristwood in unrelated matters. As stated in its previous memorandum of decision, the court is not convinced that this is the law concerning charging liens. Rather, as was stated in Cooke v.Thresher, 51 Conn. 105 (1883), there must exist a separate agreement between the attorney and the client wherein the parties agree that the attorney will be able to use any judgment to recover fees for previous, unrelated matters.
Perhaps because of the court's disagreement with WSTB's interpretation of the law concerning charging liens, this court, however, did overlook the fact that, regardless of its interpretation of the law, WSTB did argue, in the alternative, that a special agreement did exist between itself and Cristwood as to the fact that a charging lien would extend to any previous fees owed WSTB. While the original affidavits submitted by Cristwood and WSTB could have been more pronounced and specific as to the existence of an oral agreement covering all unrelated matters, it is now clear to the court that they were intended to set forth a claim that WSTB would be able to use any settlement or judgment secured on Cristwood's behalf to address any outstanding fees. Such a conclusion is bolstered by new affidavits, which the court is inclined to consider, which clearly set forth the fact that an oral agreement existed between WSTB and Cristwood as to the recovery of fees.
As there is a special agreement between WSTB and Cristwood, the court will modify its decision of June 18, 1999, to reflect WSTB's priority in recovering legal services rendered to Cristwood in the BCHC action and other matters. Butterworth 
Scheck remains second in line for recovery, with any remainder going to Peerless Insurance. The court will entertain requests to set a hearing date to determine the actual monies that each party is entitled to recover, if necessary.
The Court
By Nadeau, J.